**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 08-0051-WS-B** |
| | ) | |
| **PATSY A. BROWN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This action comes before the Court on the Government's request for entry of default judgment (doc. 10).[1] Defendant has been placed on notice of the default proceedings against her, but has elected not to be heard in opposition to plaintiff's request.

**I.      Background.**

On January 25, 2008, the United States of America filed a Complaint (doc. 1) against defendant, Patsy A. Brown, in this District Court pursuant to the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. § 3001(a), and common law.  The Complaint alleged that Brown had defaulted on two loan obligations in 1983 and 1990, that such loans were subsequently assigned to the United States Department of Education pursuant to certain loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, and that Brown had failed to make any payments on the loans subsequent to their assignment to the Department of Education.  On that basis, the Complaint sought entry of judgment against Brown in the amount of $4,453.15 in principal and accrued interest for the first loan, as well as an additional $7,232.26 in principal and accrued interest for the second loan, plus additional interest accrued to the date of judgment, costs and interest on the judgment itself.

On March 16, 2008, Brown executed a Waiver of Service of Summons (doc. 5, exh. 1), wherein she acknowledged that she was required to file an answer or other responsive pleading within 60 days after January 23, 2008 and that if she failed to do so, judgment may be entered

---

[1]      Although the Government's request was styled as being directed to the Clerk of Court, it has properly been referred to this Court for consideration.

against her.[2]  On April 22, 2008, Magistrate Judge Bivins entered an Order (doc. 6) setting a deadline of May 23, 2008 for Brown to file an answer or other responsive pleading. Notwithstanding this valid Waiver of Service pursuant to Rule 4(d), Fed.R.Civ.P., and Judge Bivins' Order of April 22, Brown has never answered or otherwise appeared herein.

Upon application by the Government, a Clerk's Entry of Default (doc. 9) was entered against Brown on June 23, 2008, pursuant to Rule 55(a), Fed.R.Civ.P., for failure to plead, answer or otherwise defend this matter.  The very next day, the Government moved for entry of default judgment, seeking judgment in the amount of $4,453.15 (plus pre- and post-judgment interest) as to its First Cause of Action, and in the amount of $7,232.26 (plus pre- and post-judgment interest) as to its Second Cause of Action.  The request for entry of default judgment (doc. 10) was served on Brown via United States Mail at her last known mailing address; therefore, she is on notice of these default proceedings.  Nonetheless, Brown has not responded to the request for entry of default judgment in the more than three weeks that have passed since she was served with a copy of same.

## II.    Analysis.

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor."  *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982) ("Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment.").  Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure ... to comply with its orders or rules of procedure."  *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Where, as here, a defendant has failed to appear or otherwise acknowledge the pendency of a lawsuit against her for four full months after executing a Waiver of Service, entry of default judgment may be appropriate.  Indeed, Rule 55 itself provides for entry of default and default

---

[2]    The Government had mailed the Waiver of Service to Brown back on January 24, 2008, which explains the beginning date of the 60-day period recounted therein.  It is unclear why Brown tarried more than six weeks before signing and returning the Waiver of Service, but her delay in no way undermines the Waiver's validity.

judgment where a defendant "has failed to plead or otherwise defend as provided by these rules." Rule 55(a), Fed.R.Civ.P.  In a variety of contexts, courts have entered default judgments against defendants who have failed to defend the claims against them following proper service of process.  *See, e.g., In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate."); *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) ("when the court finds an intentional failure of responsive pleadings there need be no other finding" to justify default judgment); *Kidd v. Andrews*, 340 F. Supp.2d 333, 338 (W.D.N.Y. 2004) (entering default judgment against defendant who failed to answer or move against complaint for nearly three months); *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 684 (N.D. Ga. 2000) (entering default judgment against counterclaim defendant who had failed to answer or otherwise respond to counterclaim within time provided by Rule 12(a)(2)).  In short, then, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party."  *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F. Supp.2d 193, 195 (D.D.C. 2006) (citation omitted).[3]

The law is clear, however, that Brown's failure to appear and the Clerk's subsequent entry of default against her do not automatically entitle plaintiff to a default judgment.  Indeed, a

---

[3]     To be sure, courts have generally required some notice to be given to a defendant between the time of service of process and entry of default judgment.  *See, e.g., International Brands USA, Inc. v. Old St. Andrews Ltd.*, 349 F. Supp.2d 256, 261 (D. Conn. 2004) ("Where a party fails to respond, ***after notice*** the court is ordinarily justified in entering a judgment against the defaulting party.") (emphasis added and citations omitted); *F.T.C. v. 1263523 Ontario, Inc.*, 205 F. Supp.2d 205, 208 (S.D.N.Y. 2002) (entering default judgment where defendants had failed to respond to summons, complaint and motion for default judgment); *New York State Teamsters Conference Pension and Retirement Fund v. Fratto Curbing Co.*, 875 F. Supp. 129, 131 (N.D.N.Y. 1995) (defendant that had failed to answer or defend was properly notified of motion for default judgment).  As indicated *supra*, however, the Government has given Brown notice of its efforts to secure a default against her, based on the Certificate of Service appended to the request for default judgment.  Accordingly, Brown is on notice that default proceedings are underway, yet she has chosen not to defend herself.  Given Brown's failure to appear in this case, despite actual notice that this lawsuit was pending, that her responsive pleading was due by a date certain, and that a default had been entered against her, she is entitled to no further notice antecedent to entry of default judgment.  *See* Rule 55(b)(2) (defaulted defendant is entitled to notice of request for default judgment only if defendant has appeared in the action).

default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp.2d 1353, 1357 (S.D. Ga. 2004); *see also Descent v. Kolitsidas*, 396 F. Supp.2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd.*, 218 F. Supp.2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

Review of the Complaint confirms that it does indeed assert sufficiently specific and detailed facts against Brown to state cognizable claims. In particular, the Complaint reflects that Brown is indebted to the United States in the amounts stated, and that Brown failed and refused to make payments on those debts after demand for same was made by the Government. "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact." *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Twist and Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp.2d 782, 783 (E.D. Tex. 2006) ("The effect of the entry of default is that it cuts off the defendants' right to appear in the case with respect to liability issues."). Thus, the legal effect of defendant's default in this case is that she has admitted all well-pleaded facts in the Complaint.

While well-pleaded facts in the Complaint are deemed admitted, plaintiff's allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages. *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp.2d 1342, 1346 (M.D. Fla. 1999); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (federal law requires judicial determination of damages absent factual basis in record); *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (even where default judgment is warranted based on failure to defend, allegations in complaint with respect to damages are not deemed true, and district court must conduct inquiry in order to ascertain damages with reasonable certainty); *Patray v. Northwest Pub., Inc.*,

-4-

931 F. Supp. 865, 869-70 (S.D. Ga. 1996) (explaining that it is proper exercise of judicial power for court upon default to take evidence, fix amount which prevailing party should recover, and then give judgment).  "The trial judge, sitting without a jury, has considerable latitude in determining the amount of the damages."  *Patray*, 931 F. Supp. at 870.  Although the trial court must make determinations as to the amount and character of damages, it is not necessary to conduct an evidentiary hearing to fix damages if the amounts sought by plaintiff are adequately supported by supporting affidavits and other documentation.  *See, e.g., S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (explaining that evidentiary hearing is not *per se* requirement for entry of default judgment, and may be omitted if all essential evidence is already of record).[4]

Here, the Government's evidentiary showing is adequate to support its entitlement to damages in the amounts requested.  Accompanying the request for default judgment is an Unsworn Declaration by the Government's counsel setting forth the following facts: (a) as to the first loan, Brown is indebted to the Government in a principal amount of $1,388.00, prejudgment interest at 9.00% per annum in the amount of $2,978.15 as of October 16, 2007, and administrative costs in the amount of $87.00, for a total indebtedness of $4,453.15, plus prejudgment interest through the date of judgment; and (b) as to the second loan, Brown is indebted to the Government in a principal amount of $2,818.32, and prejudgment interest at 8.00% per annum in the amount of $4,413.94 as of October 16, 2007, for a total indebtedness of $7,232.26, plus prejudgment interest through the date of judgment.  Calculating the accrued interest through the date of entry of this Order reflects that the total amount owed by Brown on

---

[4]    *See also Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988) (evidentiary hearing not necessary where facts in the record enable the court to fix the amount which the plaintiff is lawfully entitled to recover); *Ford Motor Co. v. Cross*, 441 F. Supp.2d 837, 848 (E.D. Mich. 2006) (Rule 55 "does not require a presentation of evidence as a prerequisite to the entry of a default judgment, although it empowers the court to conduct such hearings as it deems necessary and proper to enable it to enter judgment or carry it into effect"); *Board of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp.2d 1222, 1225 (N.D. Cal. 2005) ("A formal hearing is not required for a court to render a default judgment."); *Adkins v. Teseo*, 180 F. Supp.2d 15, 17 (D.D.C. 2001) (although court must make independent determination of the sum to be awarded, court need not hold a hearing, but may rely on detailed affidavits or documentary evidence); *United States v. Cabrera-Diaz*, 106 F. Supp.2d 234, 243 (D.P.R. 2000) (similar).

the first loan as of today is $4,546.31, with the total amount owed on the second loan being $7,443.24, for a grand total of **$11,989.55**.[5]

### III.   Conclusion.

For all of the foregoing reasons, plaintiff's request for default judgment (doc. 10) is **granted**.  Default Judgment will be entered against Brown, in accordance with Rule 55(b)(2), Fed.R.Civ.P., in the amount of $11,989.55, plus post-judgment interest at the legal rate of 2.25%, pursuant to 28 U.S.C. § 1961.

The Clerk's Office is directed to mail a copy of this Order, and the accompanying Default Judgment, to defendant Patsy A. Brown, 2758 Farnell Drive, Mobile, AL 36605.

DONE and ORDERED this 16th day of July, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[5]      The additional prejudgment interest amounts were calculated as follows: On the first loan, interest was accruing at a rate of $0.34 per diem, which when multiplied across the 274 days from October 16, 2007 through today yields a total interest amount of $93.16. Likewise, for the second loan, interest was accruing at a rate of $0.77 per diem, which when multiplied across 274 days yields a total interest amount of $210.98.